**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

```
LOLA CAMP,                              )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   Case No. 04-1358
                                        )
TNT LOGISTICS CORPORATION               )
and TRELLEBORG YSH, INC.,               )
                                        )
        Defendants.                     )
                                        )
_____ )
                                        )
                                        )
TNT LOGISTICS NORTH AMERICA, INC.,      )
                                        )
        Third-Party Plaintiff,          )
                                        )
    v.                                  )
                                        )
DeKEYSER EXPRESS INC., and              )
TRANSPORT LEASING CONTRACT, INC.,       )
                                        )
        Third-Party Defendants.         )
                                        )
_____ )
                                        )
                                        )
TRELLBORG YSH, INC.,                    )
                                        )
        Third-Party Plaintiff,          )
                                        )
    v.                                  )
                                        )
DeKEYSER EXPRESS INC., and              )
TRANSPORT LEASING/CONTRACT, INC.,       )
                                        )
        Third-Party Defendants.         )
```

## **O R D E R**

Before the Court is Magistrate Judge Byron G. Cudmore's Report and Recommendation ("R & R") [Doc. #72], which addresses Third-Party Defendant DeKeyser Express, Inc.'s ("DeKeyser") Motion to Dismiss Counts III and IV of Third-Party Plaintiff TNT Logistics North America, Inc.'s ("TNT") amended complaint and Counts II and III of Third-Party Plaintiff Trelleborg YSH, Inc.'s ("Trelleborg") amended complaint [Docs. ##39 & 52]. For the reasons that follow, the Court will adopt Magistrate Judge Cudmore's R & R.

**I.**
**BACKGROUND**

On or about August 31, 2004, Plaintiff Lola Camp ("Camp") filed a negligence action against Defendants/Third-Party Plaintiffs TNT and Trelleborg. In her complaint, Camp alleged that she suffered various injuries as a result of the negligent acts of TNT and Trelleborg in the scheduling, staffing, and allowing of unsecure loading and transportation of goods. TNT and Trelleborg, in turn, filed amended third-party complaints against Transport Leasing/Contract, Inc. and DeKeyser asserting causes of action for contributory negligence and breach of contract. It is the breach of contract claims against DeKeyser that are at issue in the instant matter.

In their breach of contract claims, TNT and Trelleborg allege that DeKeyser failed to indemnify, defend and hold each of them harmless for the negligence claims asserted by Camp pursuant to a Master Agreement For Transportation Services ("Master Agreement") between TNT's predecessor and DeKeyser. They further allege that DeKeyser failed to procure insurance as required by the Master Agreement.

In response, DeKeyser filed a motion to dismiss TNT's and Trelleborg's breach of contract claims on the ground that the Master Agreement required these claims to be arbitrated in Jacksonville, Florida.  After reviewing the record, Magistrate Judge Cudmore agreed that these claims were indeed subject to arbitration.  Accordingly, Magistrate Judge Cudmore recommended that TNT's and Trelleborg's breach of contract claims against DeKeyser be dismissed. The magistrate judge's dismissal, however, was based on lack of venue pursuant to Fed. R. Civ. P. 12(b)(3), rather than lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

TNT has filed no written objections to Magistrate Judge Cudmore's R & R.  Trelleborg, on the other hand, has filed written objections to the magistrate judge's legal conclusion that counts II and III of Trelleborg's amended third-party complaint are subject to arbitration [Doc. #73].  Trelleborg does not specifically challenge Magistrate Judge Cudmore's

3

recommendation that counts II and III be dismissed based on lack of venue, rather than lack of subject matter jurisdiction. Instead, Trelleborg simply objects to the magistrate judge's recommendation to dismiss these claims in general.

## II.
## LEGAL STANDARD

Within ten (10) days after being served with a copy of the report & recommendation, any party to the action may serve and file written objections to the magistrate judge's proposed findings and recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). However, as the Seventh Circuit has pointed out, Rule 72(b) contemplates "written, **specific** objections" to the report and recommendation. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (emphasis added). Therefore, a district court reviews *de novo* only "those portions of the magistrate judge's [proposed findings and recommendations] to which specific written objection is made." Id. If no specific written objections are made, the district court reviews the magistrate judge's proposed findings and recommendations for clear error. Id. As a result, failure to timely object in the district court constitutes a waiver of any objection on appeal. See id.; Video Views Inc. v. Studio 21 Ltd., 797 F.2d 538 (7th Cir. 1986).

4

Finally, when reviewing the report and recommendation, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b).

## III.
## ANALYSIS

**A.   Counts III and IV of TNT's Amended Complaint**

TNT has filed no written objections to the R & R.  As a result, this Court need only review the magistrate judge's proposed findings and recommendations as they relate to TNT for clear error. Because Magistrate Judge Cudmore's proposed findings and recommendations do not constitute clear error, the Court adopts his recommendation that counts III and IV of TNT's amended complaint be dismissed.

**B.   Counts II and III of Trelleborg's Amended Complaint**

Trelleborg, on the other hand, has filed written objections to the R & R.  Trelleborg does not find exception to the magistrate judge's factual findings but, instead, disagrees with several of his legal conclusions.  Trelleborg argues that the arbitration clause contained in the Master Agreement is expressly limited to the signatories, and, because Trelleborg is not a signatory to the Master Agreement, it cannot be forced to arbitrate under its provisions.  Trelleborg further alleges that

5

when it comes to the insurance and indemnification provisions of the Master Agreement, it "is an express and intended beneficiary"; but when it comes to the arbitration clause, it cannot be considered a party to the contract [Trelleborg's Objections pg. 4]. In essence Trelleborg wants to have its cake and eat it too. It wants to reap the benefits of being able to enforce certain provisions of the Master Agreement while avoiding the associated costs of having to submit to arbitration under other provisions of the Master Agreement. This, however, Trelleborg cannot do.

While the Court must indeed accept Trelleborg's well-pleaded factual allegations as true, see Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995), it is not bound by Trelleborg's legal conclusions, see Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir. 1994). Whether a non-signatory to a contract is required to submit to arbitration under its provisions is a question of law to be decided by the Court. See Zurich American Ins. Co. v. Watts Indus., Inc., 417 F.3d 682, 687 (7th Cir. 2005); Blinco v. Green Tree Servicing LLC, 400 F.3d 1308, 1312 (11th Cir. 2005). This question of law, however, is well-settled -- "[a] nonsignatory party is estopped from avoiding arbitration if it knowingly seeks the benefits of the contract containing the arbitration clause." Zurich American Ins. Co., 417 F.3d at 688; see also Blinco, 400

6

F.3d at 1312 (holding that "[e]quitable estoppel precludes a [non-signatory] from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes."); Germann v. Age Inst. of Fla., Inc., 912 So. 2d 590, 592 (Fla. Ct. App. 2005) (holding that "a nonsignatory to an arbitration agreement may be bound to arbitrate if the nonsignatory . . . is specifically the intended third-party beneficiary of the contract.").

In an attempt to circumvent the above reasoned principle of law, Trelleborg points the Court to two cases: Grundstad v. Ritt, 106 F.3d 201 (7th Cir. 1997) and Ervin v. Nokia, Inc., 349 Ill. App. 3d 508 (5th Dist. 2004). However, neither case is factually analogous to the instant matter, nor do they support the proposition of law that Trelleborg is attempting to convey to the Court.

The issue at hand is whether an intended third-party beneficiary can enforce certain provisions of a contract in which it is not a signatory, while at the same time, avoid mandatory arbitration under other provisions of the same contract. The Grundstad case, which is relied upon by Trelleborg, did not address this issue. Instead, the issue in Grundstad was whether an arbitration clause could be enforced against a party who simply signed the contract as a guarantor after it had already been executed. Unlike Trelleborg, the

guarantor in Grundstad was not an intended third-party beneficiary to the contract, nor was he attempting to enforce the contract against one of its original signatories. Therefore, Trelleborg's reliance on Grundstad is vastly misplaced.

Likewise, Trelleborg's reliance on the Illinois Appellate Court's decision in Ervin is also misplaced. First of all, Magistrate Judge Cudmore concluded that the choice of law provision contained in the Master Agreement required the application of Florida law to determine whether a non-signatory to a contract can nevertheless be bound to arbitrate under its provisions. Trelleborg's written objections, however, do not contest this legal conclusion. In fact, it has been Trelleborg's position all along that either federal and/or Florida law governs the scope and reach of the arbitration clause at issue. In its Response to DeKeyser's Motion to Dismiss, Trelleborg argued that "*if* DeKeyser's right to seek arbitration is controlled by the laws of Florida, the motion is dependent upon authorities from that jurisdiction." [Doc. #42-1 pg.4]. Despite this argument, Trelleborg now attempts to rely upon authority from a non-controlling jurisdiction -- Illinois. This Court, however, is not bound by Illinois state law in the instant matter.

8

Even if Illinois state law did control the issue at hand, the Ervin case does not stand for the proposition that a non-signatory to a contract can avoid arbitration under its provisions while simultaneously attempting to enforce the contract as an intended third-party beneficiary.  In Ervin, the Illinois Appellate Court refused to follow federal decisions which have expanded the doctrine of equitable estoppel to allow a non-signatory to a contract to enforce an arbitration clause contained therein, even if the non-signatory is not an intended third-party beneficiary to the contract.  349 Ill. App. 3d at 516.  The Ervin court, however, distinguished this scenario from that where the non-signatory to the contract is in fact an intended third-party beneficiary to the contract.  Id. at 514.

In such situations "Illinois courts have found that a nonsignatory can enforce an arbitration clause if it is determined that the nonsignatory qualifies as a third-party beneficiary [to] the agreement."  Id.  In accordance with this well-settled principle of Illinois state law, the Ervin court held that the non-signatory was not an intended third-party beneficiary to the agreement and, therefore, could not enforce the arbitration clause at issue.  Id.  Trelleborg, however, is an intended third-party beneficiary to the Master Agreement and, therefore, is subject to the provisions of the arbitration clause contained therein.

9

The only remaining issue is whether the arbitration clause itself expressly limits arbitration to the signatories of the Master Agreement, as Trelleborg alleges. In support of this theory, Trelleborg argues that the phrases, "the parties" and "Either party", contained in the arbitration clause can only be construed as referring to the signatories of the Master Agreement. This argument, however, fails when the Master Agreement is read as a whole. See <u>Allen v. Cedar Real Estate Group, LLP</u>, 236 F.3d 374, 381 (7th Cir. 2001) (holding that contracts must be read as a whole to harmonize all its provisions); <u>Blimpie Int'l, Inc. v. Butterworth</u>, 2005 U.S. Dist. LEXIS 5445, at *26 (S.D. Ind. March 9, 2005) (holding that courts should not read particular words or phrases in isolation and should avoid construing words or phrases in such a manner that they conflict or neutralize other words and phrases contained within the contract).

The unambiguous language of the contract, in particular the first and last paragraphs, clearly indicate that Trelleborg, as a "Shipper", is subject to all of the terms, provisions and covenants of the Master Agreement, including the arbitration clause. See <u>Holmes v. Fed. Ins. Co.</u>, 353 Ill. App. 3d 1062, (5th Dist. 2004) (stating that "[i]t is not necessary that the beneficiary be identified by name in the contract, but it must be identified in some manner, for example, by describing the

class to which it belongs."). To construe the Master Agreement or the arbitration clause in any other manner would be to place its express terms in contradiction with one another. As an intended third-party beneficiary to the contract, Trelleborg is, therefore, bound to arbitration as required by the Master Agreement. Thus, this Court adopts Magistrate Judge Cudmore's recommendation to dismiss counts III and IV of TNT's amended complaint and counts II and III of Trelleborg's amended complaint.

IT IS THEREFORE ORDERED that DeKeyser's Motion to Dismiss Counts III and IV of TNT's amended complaint and Counts II and III of Trelleborg's amended complaint is GRANTED.

IT IS FURTHER ORDERED that counts III and IV of TNT's amended complaint and counts II and III of Trelleborg's amended complaint be dismissed pursuant to Fed R. Civ. P. 12(b)(3) for the reasons explained in Magistrate Judge Cudmore's R & R.

ENTERED this  12th  day of January, 2006.

/s/ Joe B. McDade
Joe Billy McDade
United States District Judge