**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

```
LOLA CAMP,                              )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   Case No. 04-1358
                                        )
TNT LOGISTICS NORTH AMERICA,            )
INC., and                               )
TRELLEBORG YSH, INC.,                   )
                                        )
        Defendants.                     )
----------------------------------------)
TNT LOGISTICS NORTH                     )
AMERICA, INC.,                          )
                                        )
        Third-party Plaintiff,          )
                                        )
    v.                                  )
                                        )
DeKEYSER EXPRESS, INC.,                 )
                                        )
        Third-party Defendant.          )
----------------------------------------)
TRELLEBORG YSH, INC.,                   )
                                        )
        Third-party Plaintiff,          )
                                        )
    v.                                  )
                                        )
DeKEYSER EXPRESS, INC.,                 )
                                        )
        Third-party Defendant.          )
                                        )
```

**ORDER**

Before the Court are Third-Party Defendant DeKeyser Express Inc.'s ("DeKeyser") Motion To Dismiss the Contribution Counts of the Amended Complaints filed by Third-Party Plaintiffs TNT Logistics Corp. ("TNT") and Trelleborg YSH, Inc. ("Trelleborg")

[Doc. #89]; Trelleborg's Response [Doc. #90]; TNT's Response [Doc. #92]; and DeKeyser's Reply [Doc. #93]. For the reasons that follow, DeKeyser's Motion is DENIED.

## I.
## BACKGROUND

On January 22, 2003, Plaintiff Lola Camp ("Camp") sustained injuries to her neck, right arm, and right shoulder in the course of her employment as a truck driver. The identity of her employer is in dispute in this matter, but she was hired by Transport Leasing/Contract, Inc. ("TLC"), and later leased to third-party Defendant DeKeyser. On the date in question, Camp was dispatched to the Carmi, Illinois plant of Defendant Trelleborg to pick up a load of automotive parts. The part containers were allegedly loaded into Camp's truck in an improper manner, and Camp refused to accept the trailer. Trelleborg contacted Defendant TNT, who oversaw shipping for the recipient of the load. TNT and DeKeyser have entered into a contractual agreement for DeKeyser to provide shipping for TNT's clients ("Master Agreement"). TNT insisted that the load be shipped immediately, and according to Camp, faxed a statement to Trelleborg releasing Camp and Trelleborg from any liability should anything happen.

Camp then transported the load to the Mitsubishi plant in Normal, Illinois. As she began to open the rear doors of her trailer, an unsecured container began to fall from the trailer. Camp then slammed the door shut to prevent the container from

falling on her.  In doing so, she sustained injuries to her neck, right arm, and right shoulder.

Camp filed a worker's compensation claim with DeKeyser, and collected benefits.  She then filed the underlying action in this matter, asserting claims for negligence against both TNT and Trelleborg, based upon their failure to ensure that the shipment was properly loaded and secured before allowing it to be shipped. TNT and Trelleborg then filed the present actions against DeKeyser, claiming that DeKeyser was contributorily negligent in its failure to properly train and supervise Camp, and that DeKeyser owed Camp a duty of ordinary care.  They also asserted claims against DeKeyser for breach of contract.  However, the breach of contract claims are not at issue in the present motion and have been dismissed by this Court for lack of venue.  The current motion before the Court seeks the dismissal of the contribution claims on the same grounds for which the breach of contract claims were dismissed -- for lack of venue.

## II.
## LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must view the complaint in the light most favorable to the Plaintiffs and the complaint's well-pleaded factual allegations must be accepted as true. <u>Williams v. Ramos</u>, 71 F.3d 1246, 1250 (7th Cir. 1995).  Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon

which relief can be granted.  Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, the Court is not bound by a plaintiff's legal conclusions. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir. 1994).

### III.
### ANALYSIS

The issue at hand appears to be (1) whether TNT and Trelleborg's rights to contribution in the underlying case arises out of or relates to the Master Agreement which is between DeKeyser and TNT and to which Trelleborg is an intended third-party beneficiary, and (2) if it is does not arise from the Master Agreement, whether the issue of contribution should be determined under Illinois or Florida law.  If the contribution claims arise out of or relate to the Master Agreement, then the arbitration clause within that agreement is binding and the claims must be dismissed for lack of venue, just as the breach of contract claims between these parties were previously dismissed.

In its Motion to Dismiss, DeKeyser simply states that the underlying tort to this action arose out of the Master Agreement, and therefore the contributory negligence claims are subject to the arbitration clause of that agreement.  While DeKeyser is correct as to the proper course of action if the contributory negligence claims did in fact arise out of or relate to the Master Agreement, it has failed to support its argument -- or better yet, lack of

argument -- that this is the case at hand. Simply stating what it believes to be the correct interpretation of the law, without in fact referring to any law to support its position, is wholly insufficient to cause this Court to grant its Motion to Dismiss the contributory negligence claims.

On the other hand, TNT and Trelleborg, in their respective responses to this Motion, have included applicable case law to support their position that the contributory negligence claims arose from a preexisting common law duty of ordinary care. See Telecom Italia SPA v. Wholesale Telecom Corp., 248 F.3d 1109, 1116 (11th Cir. 2001) (holding that a tort claim did not arise out of a contract because the tortious interference could have been exerted notwithstanding the contract). DeKeyser's combined Reply, instead of rebutting this claim, simply reasserts its initial conclusion -- that the contributory negligence claims arose out of the Master Agreement and, therefore, the law of the state of Florida should govern these claims.

However, "[g]iven our adversarial system of litigation, it is not the role of this [C]ourt to research and construct the legal arguments open to parties, especially when they are represented by counsel." United States v. Amerson, 185 F.3d 676, 689 (7th Cir. 1999) (internal quotations omitted). Courts are entitled to assistance from counsel, and an invitation to search without guidance is no more useful than a litigant's request to a district

court at the summary judgment stage to paw through the assembled discovery material.  Thus, "[l]itigants may not pretend that the law favors their view and impose on the [C]ourt or their adversaries the burden of research to uncover the basic rule." Mars Steel Corp. v. Cont'l Bank N.A., 880 F.2d 928, 938 (7th Cir. 1989) (internal quotations omitted).  "Judges are not like pigs, hunting for truffles buried in briefs" or the case law.  United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).

Furthermore, as the Seventh Circuit has repeatedly made clear, "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . ."  United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991).  As a result, DeKeyser has effectively waived its argument that the contributory negligence claims arose out of or were related to the Master Agreement.

Next, DeKeyser argues, in the alternative, that the matter of whether TNT and Trelleborg have a right to contribution from DeKeyser should be governed by Florida law, even if it does not arise from the Master Agreement.  They then assert (albeit with incorrect citation) that Florida law does not allow for this type of contribution, and therefore these claims should be dismissed on the merits.  See Turner v. PCR, Inc., 754 So.2d 683, 686 (Fla. 2000).  This is because, unlike Illinois, Florida does not recognize contribution claims against employers who have paid

worker's compensation, and therefore this claim could not succeed if adjudicated under Florida law. While the second part of DeKeyser's claim is correct, it is made irrelevant by the flawed logic in the first part.

DeKeyser correctly points out in its Motion to Dismiss that Illinois, as the forum state, should apply its own conflict of law rules. However, from there the train of logic begins to derail. DeKeyser points this Court to the Illinois conflict of laws rule for contractual issues. However, the only way the contributory negligence claims are contractual issues is if they arose out of the Master Agreement. If these claims did not arise from the Master Agreement, then they are tort issues, and a different set of rules would apply.

Alternatively, Trelleborg's Response points to three separate Illinois cases which show that when worker's compensation has been paid by one state in a diversity action, public policy requires that the contribution laws of the compensation-paying state must apply. <u>Vickrey v. Caterpillar Tractor Co.</u>, 497 N.E.2d 1023, 1025-28 (Ill. App. 1986); <u>Demyrick v. Guest Quarters Sleep Hotel</u>, 850 F.Supp 724, 727 (N.D. Ill. 1994); <u>Moore v. Wausau Club</u>, 777 F.Supp 619, 621 (N.D. Ill. 1991) ("the place of the employer's benefits coverage is the single most important factor in determining which state's workers' compensation law to apply"). Instead of rebutting this case law in its Reply, DeKeyser again simply restates the same

flawed points from its original Motion to Dismiss.  Therefore, this Court finds that the contributory negligence claims against DeKeyser are governed by Illinois law.  As such, DeKeyser has put forth no argument under Illinois law which would at this time support dismissal of TNT's and Trelleborg's contribution claims.

    IT IS THEREFORE ORDERED that DeKeyser's Motion To Dismiss the Contribution Counts of the Amended Complaints filed by Third-Party Plaintiffs TNT Logistics Corp. and Trelleborg YSH, Inc. [Doc. #89] is DENIED.

    Entered this  3rd  day of August, 2006.

                                           /s/ Joe B. McDade  
                                            JOE BILLY McDADE  
                                    United States District Judge